IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| ALABAMA MUNICIPAL INSURANCE CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | 2:15cv685-MHT (WO) |
| RAVELLO SOLUTIONS, LLC, CHEYENNE HOLDINGS, LLC, and THOMAS ROSENCRANTS, | ) ) ) ) | |
| Defendants. | ) | |

ORDER

It is ORDERED as follows:

(1) Plaintiff's motion to amend the complaint (doc. no. 62) is denied.

(2) Defendants' motion to quash post-judgment discovery (doc. no. 65) is denied.

***

Plaintiff brings its motion to amend the complaint under Federal Rule of Civil Procedure 15. But that rule "governs amendment of pleadings *before* judgment is entered; it has no application *after* judgment is

entered." *Jacobs v. Tempur-Pedic Int'l., Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010) (emphasis in original). "Post-judgment, the plaintiff may seek leave to amend if he is granted relief under Rule 59(e) or Rule 60(b)(6)." *Id.* at 1344–45 (*quoting United States ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1361 n.22 (11th Cir. 2006)).

The court entered judgment confirming the arbitral award on September 4, 2018. Plaintiff had 28 days after entry of judgment to move to alter or amend that judgment. *See* Fed. R. Civ. P. 59(e). It did not do so.

That leaves Rule 60(b)(6). That rule provides that, upon "motion and just terms," the court may relieve a party "from a final judgment, order, or proceeding" for "any ... reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Plaintiff did not move for relief from the court's judgment of September 4, 2018. Nor could it, unless plaintiff wishes to upset a

judgment that confirmed an arbitral award in its favor. Because plaintiff did not seek relief under Rules 59(e) or 60(b)(6), its motion to amend the complaint was denied.

As to defendants' motion to quash, they concede that the court's denial of plaintiff's motion to amend the complaint moots their objections to post-judgment discovery. Defendants also state that, notwithstanding their arguments against post-judgment discovery, they "acknowledge and agree that if the Court denies Plaintiff's Motion [to amend the complaint], then Defendants are subject to post-judgment discovery as to the assets and disposition of assets of [defendants] Ravello and Cheyenne." Defendants' Reply (doc. no. 75) at 4. Defendants "also agree" that defendant Rosencrants "would then be subject to such post-judgment discovery, but only insofar as it relates

to Ravello and Cheyenne."* Defendants' motion to quash post-judgment discovery was therefore denied based on defendants' concessions.

DONE, this the 27th day of March, 2019.

                                   /s/ Myron H. Thompson
                                   UNITED STATES DISTRICT JUDGE

---

* Although defendants object to post-judgment discovery generally, they have not identified any specific discovery request as overbroad, unduly burdensome, or outside the scope of discovery. The court declines to take up a specific discovery dispute until one actually arises. *See* Fed. R. Civ. P. 33 (stating that the grounds for objecting to an interrogatory must be stated with specificity); Fed. R. Civ. P. 34 (stating that a party objecting to a request for production must specify what part of the responsive materials it is withholding).